Hemphill, Ch. J.
The record in this case is very defective. The proceedings aud judgment were based on a mandate of the Supreme Court; but tl}e mandate is not transcribed. It should have been the first entry, and a copy should have been transmitted with the transcript. The judgment which we are invoked to revise and reverse was entered by consent. It commences with the recital that the “case coming' on to be heard upon the mandate from “ the Supreme Court, the parties appeared by their attorneys aud agreed to “the following decree to be entered as the judgment of this court,” &c., &e. This agreement was made by the attorneys of the parties; hut no objection is taken to the judgment on that ground, it is not assigned or contended that their authority should have appeared of record. Ho question is raised as to their power. That they had competent authority must be presumed until it is impugned and the contrary shown, and the judgment must be taken as having been agreed to by the parties themselves; under this aspect the appellants are at once confronted with the general principle that consent takes away error, and that a judgment by agreement or compromise cannot be impeached, unless for fraud, collusion, or like causes, none of which appear in this record or are alleged or assigned. (Story v. Hawkins et al., S Da. R., 12; French v. Hotwell, 5 Johns. Chan. R., 555; 14 Ves. R., 31.)
The appellants are concluded by their own consent, and their appeal cannot be sustained.
But if the decree had not been entered by consent there does not appear any such substantial error prejudicial to the appellants as would have authorized a reversal.
The mandate of the Supreme Court required the rights of Mrs. Hartwell, under the deed of gift, aud of her minor children to a portion of the estate under the law to be respected ; and this appears in substance to have been done, in accordance with the spirit and intent of the mandate, and without injustice to the other distributees of the estate.
After deducting the property or its value embraced in the deed of gift, the surplus was directed to he equally divided between the heirs of the deceased. This has been effected, as to the real estate, by establishing the partition formerly made and of record in the County Court; and if execution has been given the widow for the value of her property under the deed of gift, and *249 the minor heirs for the value of their shares respectively of the personal property, it arose doubtless from the fact that this property had been converted by the other parties to their own use.
Note 85. — Hutchinson v. Owen, 20 T., 287; Laird v. Thomas, 22 T., 276; Goss v. Pilgrim, 28 T., 263. Tlie want of service of an amendment is cured by a recital in the judgment which shows that the defendant was in court, (Delvalt r. Snow, 25 T., 320,) and a recital that the defendant appeared avoids the necessity of a statement of facts when service is made by publication. (Chester v. Walters, 30 T., 53; Smith a. Wood, 37 T., CIO.)
Tlie errors assigued are:
1st. In rendering judgment against tlie heirs, and ordering execution to issue against the same.
Tliis lias been already considered and its futility shown.
2d. In authorizing the auditors to set aside to Francis M. and Hansel B. Hart-well, out of any of the lands set apart to Kachel Dunmau, one of the heirs of E. H. Wallis, deceased, an equal amount in lands in value to that of any amount that the said Bacliel and James F. Dunmau may have sold, &c.
Tlie mandate under which tlie District Court was acting directed the minors, Francis and Hansel, to have shares of the estate equal to those of the other distributees. To effect this tlie former partition in which their shares were set apart was recognized or confirmed; and. if the Dunmans had in the meantime sold any portion of tlie land formerly assigned to these minors, it was but equitable that the deficiency should be made up out of the lands set apart as the distributive share of Bacliel. Such a disposition was in conformity with tlie spirit of tho mandate, was but just to the minors, and could not. operate to tlie injury of tlie appellants.
3d. That Francis M. and Hansel It. Hartwell are given by said decree more than their share. There is no evidence of this in the record. Ho statement of facts or bills of exceptions are sent up with the transcript.
4th. In ordering execution to issue against the estate of Elisha W. Wallis, deceased, one of tlie heirs.
Tlie record furnishes no evidence that any such execution was issued.
The appellants have not appeared to prosecute their appeal, and it was evidently taken for delay. It is ordered, adjudged, and decreed, that the-judgment of the District Court be affirmed, with ten per cent, damages on the ¡pro rata amount of the judgment, for money which is due from the appellants.
Affirmed with damages.