## MITCH GRAY v. FRANK M. COCKRELL ET AL.

### Delivered January 7, 1899.

1. **Administrator—Cotenants—Estoppel.**

An administrator of an estate, part of which is owned by him as tenant in common, who, at his cotenant's request, has permitted the whole estate to be partitioned among the heirs, the decree of partition stating that it is without prejudice to his legal and equitable rights, is not estopped from asserting his claim against the heirs, and has a lien prior to that of a mortgage executed by a cotenant for an antecedent debt.

2. **Same—Subrogation.**

An administrator of part of an estate in common, being also a tenant in common of the whole estate, who, at the request of his cotenants, permits the whole estate, including his interest therein, to be sold to discharge debts of both estates, is entitled to be subrogated to the rights of the creditors whose debts were so paid to the extent his interest was so appropriated.

3. **Notice—Recital in Decree of Partition.**

The recital in a decree partitioning an estate, that it is made without prejudice to the rights of a named person (who was the administrator) puts on inquiry one subsequently taking a mortgage from a distributee in the partition.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Cockrell & Muse,* for appellant.

*Coke & Coke, Watts, Aldredge & Eckford, Morris & Crow,* and *Thomas & Turney,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—The following taken from appellant's brief gives a correct statement of the nature and result of the suit: "The appellant Gray sued appellee F. M. Cockrell for partition of real estate situated in Dallas County, and for an adjustment of equities arising during their joint ownership, whereby appellant claimed that appellee Cockrell had become indebted to him in certain sums of money, for the repayment of which the appellant claimed a lien on the interest of appellee Cockrell in the land sought to be partitioned. The other appellees were made parties defendant on the ground that they were asserting some kind or mortgage or lien on the land involved under appellee Cockrell, and which lien appellant charged was subject to the lien claimed by himself on the interest of said Cockrell as above stated, and appellant therefore prayed that his interest in the land be set aside to him in severalty free from the claim of all the appellees and that he have judgment against appellee Cockrell for the sums claimed, with a foreclosure of a lien on the interest of Cockrell in the land, and that this said lien be de-

clared superior to the mortgage of the other appellees. Since, however, all the general and special demurrers of all the defendants were sustained to the petition of appellant, we will set forth fully its substance, omitting all description of the land sought to be partitioned. The pleading is to be found in transcript, pages 1 to 9, and was substantially as .follows:

"That about April, 1858, Alexander Cockrell died, leaving a wife, Sarah H., and four children, R. B., Aurelia, F. M., and Alexander; that he also left a large estate embracing all the property in controversy, as well as other property herein referred to and not described, all of which was the community property of himself and said wife; he left a will by the terms of which a life estate in all his property was given to his said wife with remainder over at her death to his said children; that thereafter petitioner married said Aurelia, who subsequently died without issue, leaving petitioner (appellant) and her mother and brothers as her heirs, by reason of which petitioner inherited one-eighth part of the estate of said Alexander Cockrell, or one-sixteenth of the community estate of said Alexander Cockrell and wife; that the wife, Mrs. Sarah H. Cockrell, died in 1892, after the death of the wife of petitioner, and that at the time of her death there still remained on hand all the property in controversy, besides much other, which had constituted said community estate; that after the death of Alexander Cockrell and the petitioner's wife, Mrs. S. H. Cockrell during her life set aside to the defendant, F. M. Cockrell (appellee), and to said R. B., and Alexander Cockrell, and made to them deeds therefor, a large amount of property, which had in part constituted the community estate of said Alexander and S. H. Cockrell. and equaling in value one-half of all said community estate, and being at that time of the aggregate value of $80,000, and being now of twice that value, which property was deeded to said respective heirs as full settlement, partition, and division of the said community estate of the father and mother, and deeds were received by said respective heirs in full settlement of all their respective interests in their said father's estate, and there was no consideration therefor whatever, and defendant F. M. Cockrell and the other heirs aforesaid accepted said deeds, placed same of record, and have since retained the property therein conveyed, and handled and disposed of same; that thereby petitioner became the owner of a full one-eighth interest in the property left on hand, including all the property in controversy, as well as all that was subsequently sold to pay the debts of the estate of Mrs. S. H. Cockrell, as hereinafter set out; that at her death Mrs. S. H. Cockrell left a will by which she disposed of all the property owned or claimed by her, making certain specific devises to defendant F. M. Cockrell and to Alexander Cockrell and to Clarence and Sarah Louise Cockrell, the only children and heirs of R. B. Cockrell, who died before his said mother, as well as certain property to Alexander Vardeman Cockrell and Monroe Cockrell; after the said specific devises, the residue of said estate after the payment of her debts was devised one-third to F. M. (the appellee), one-third to Alexander, and one-third to

Clarence and Sarah Louise Cockrell; that all the property in controversy, besides much other, was embraced in the residuary clause of said will, and in the partition of the property of the said estate the defendant F. M. Cockrell received and had set apart to him as his one-third of said residue the property described as follows: [Here follows a description of all the property in controversy, with a statement of its estimated value, aggregating about $19,000.] Petitioner also avers that after the death of said Mrs. S. H. Cockrell he, at the request of said defendant, F. M. Cockrell, and other devisees of said estate, took out letters of administration on her estate, which was largely indebted; that in addition to the property embraced in the residuary clause of the will which remained on hand after payment of all the debts of said estate, for distribution among the heirs aforesaid, there was much other property embraced in the residuary clause, and which by the terms of the will, after the payment of the debts, was to be divided into three equal parts, of which defendants F. M. and Alexander Cockrell were to receive one each, and Clarence and Louise, jointly, the third, but which in fact was required to pay the debts of the estate of Mrs. S. H. Cockrell; the property so required to pay the debts was originally a part of the community estate of Alexander and Mrs. S. H. Cockrell, in which petitioner was a one-eighth owner, as above set out, and was of the value of $80,000 with its rents, and by its sale and said rents, $80,000 of debts of said estate were in fact discharged; that although petitioner was interested in said property so sold to pay said debts to the extent of one-eighth as aforesaid, yet at the request of said heirs he permitted the whole of it to be sold to discharge the debts of said estate which was equally a lien on the property so sold and the residue left to be divided among the aforesaid residuary devisees; by reason of the sale of said property the lien of the creditors of said estate on the property left on hand, including the property in controversy, was discharged and said property left free of all the debts of the estate; that the property of F. M. Cockrell received by him under the residuary clause of his mother's will was liable for one-third of all of said debts, and by his request petitioner as administrator conveyed his own interest in said $80,000 worth of property to pay said debts, and as administrator made title to the purchasers, and defendant Cockrell is liable to refund to petitioner one-third of the value of the interest of petitioner in said property so sold, which is $3333, and petitioner is entitled to a lien on the property in controversy to secure him in such payment and to be subrogated to the rights of the creditors of said estate whose debts were so paid with the property of the petitioner; that the partition of said residuary estate by which the defendant Cockrell received the aforesaid property was a just and fair division of same among the residuary devisees of the estate of Mrs. S. H. Cockrell, 'and the decree of partition was made among such distributees without prejudice to the legal and equitable rights of plaintiff growing out of the aforesaid facts,' and plaintiff elects to abide by said partition and to proceed

against the said heirs and distrubutees separately to establish his rights in said property, without in any manner disturbing said partition; that the estate of Alexander Cockrell, and petitioner's interest therein, were in no manner responsible for any part of the debts of the estate of Mrs. S. H. Cockrell, and he is therefore, as against all said devisees in equity, entitled to be reimbursed for the value of his property that went to pay her debts, which were a lien on the interest of several distributees, and petitioner is therefore entitled to be subrogated to the rights of the creditors of said estate whose debts he has paid and to have said amounts declared a lien on defendant Cockrell's interest to the extent of one-third thereof, or $3333.33, as aforesaid. That in 1893 defendant Cockrell executed to the other defendants a mortgage on all his interest in the property in controversy, but that, if they have any interest, it is subject to all the rights and equities of petitioner as above set forth, and that the money expended by plaintiff in the transfer of his property to pay the debts of the estate of Mrs. S. H. Cockrell at request of defendant Cockrell, was also paid out for the benefit of said other defendants, and was used in discharging prior liens on the property in controversy on which they assert a lien, and therefore as against said defendants as well as against defendant Cockrell, plaintiff is entitled to recover his one-eighth interest in the property and to have a lien declared against the remainder for $3333, with foreclosure.

"The prayer was for a partition and setting apart to appellant of one-eighth interest in the property in severalty, with a foreclosure of a lien on the other seven-eighths for the sum claimed, and that this relief be given in preference to the claims of all the other defendants, and praying that they be required to assert whatever claim they or any of them had. There was also a prayer for general equitable relief.

"Appellee F. M. Cockrell answered by general demurrer and general denial.

"The appellees Arbuckle Bros. and the National Exchange Bank, filed jointly a general demurrer, and the following special demurrers:

" 'First. It appears from the allegations in said petition that plaintiff was the administrator of the estate of said S. H. Cockrell, deceased, and as such disposed of and sold said real estate mentioned in said petition; and as such administrator and party thereto caused said partition to be made and said property allotted and set apart to said F. M. Cockrell, and then and there failed to assert any interest in or claim to said land so partitioned. Wherefore defendants say, as to the rights and claims herein asserted by plaintiff, that same were adjudicated and determined by said partition and that he is concluded thereby.

" 'Second. For that there are no allegations of fraud or mistake or other grounds shown by said petition which would authorize plaintiff to go behind said partition, or in any manner entitle him to the relief herein sought.

" 'Third. For that there is no equitable lien in favor of plaintiff upon the said lands allotted to said F. M. Cockrell by reason of the facts shown

in said petition, for it appears therefrom that plaintiff sold said land of said estate, and then as such administrator had the said land described allotted to said F. M. Cockrell, and asserted no claim thereto until long after said final partition.

" 'Fourth. If plaintiff has any right or claim against said F. M. Cockrell by reason of the facts alleged in the said petition, that the same as shown by said petition is personal and constitutes no lien against said property so allotted to him, and upon which these defendants and others hold said prior mortgages.'

"The appellees the First National Bank of Bryan and R. W. Thompson each adopted the foregoing general and special demurrers.

"The judgment of the court on the above demurrers was as follows: * * * 'And thereupon came on to be heard the general demurrer of defendant F. M. Cockrell, and the general demurrer and special demurrers numbers 1, 2, 3, and 4, filed by the defendants Arbuckle Bros. and the National Exchange Bank of Dallas, and adopted by the defendants R. W. Thompson and the defendant the First National Bank of Bryan, and the court after hearing the argument of counsel therein, finds that the law is for the defendants, and accordingly both the said general demurrers * * * are hereby sustained, and also said special demurrers numbers 1, 2, 3, and 4 are each and all hereby sustained on the ground that plaintiff is estopped.'

"The plaintiff declining to amend, a final judgment was rendered against him and in favor of all the defendants, to all of which rulings the plaintiff properly excepted and gave notice in open court of appeal to this court, and in proper time perfected his appeal and filed assignments of error."

We are of the opinion that the court erred in sustaining the demurrers to plaintiff's petition. As to defendant Cockrell the petition unquestionably stated a cause of action. Nor do we find any serious difficulty in reaching a conclusion that it stated a cause of action as to the other defendants.

We can not agree with the trial court that the petition alleges facts which estop plaintiff from recovering.

By the terms of Alexander Cockrell's will his four children and his wife became tenants in common at his death in the community property of himself and wife, subject to her life estate in his interest. Plaintiff having married one of the children, the daughter, and she dying without issue, he inherited from her an eighth interest in the undivided half of the property devised by the father, and thereby became a tenant in common with the three brothers and the surviving widow of the whole estate, subject, of course, to the widow's life estate under the will. Plaintiff being a tenant in common of the whole estate, the action of the widow in setting apart a portion of the said estate to the three sons could not affect his interest, and it is immaterial that the portion set apart to the sons equaled one-half the whole community estate. The property being undivided, his interest was in the whole property and not confined

to any particular part thereof. If the partition was inequitable he had the privilege of attacking it and having it set aside, but he was not bound to do this. He could acquiesce therein and look to the remaining part of the estate in the hands of the widow for his interest. If it was not inequitable and there was sufficient property remaining out of which he could get his interest, a court of equity would not disturb the partition, but would remit him to the remaining portion for his interest. It is a well settled principle of equity that where one tenant in common sells a portion of the land by metes and bounds such sale will not be disturbed if the other tenant in common can be made whole out of the remainder of the tract. Wilson v. Holmes, 59 Texas, 680; Peak v. Swindle, 68 Texas, 242; Kerr v. Paschall, 1 Posey U. C., 692; Dunman v. Hartwell, 9 Texas, 495.

We think this principle applies with full force in this instance.

The administration of Mrs. Cockrell's estate and having same partitioned did not estop plaintiff from claiming his interest therein. Our Supreme Court has held on several occasions that where an administrator inventories his property as a part of said estate he is not estopped from showing that it was his property and not subject to administration. White v. Shepherd, 16 Texas, 163; Carroll v. Carroll, 20 Texas, 731; Little v. Bardwell, 21 Texas, 597; Clapp v. Engelow, 72 Texas, 252; Haley v. Gatewood, 74 Texas, 281; Mitchell v. Mitchell, 80 Texas, 101.

Beside, said estate was administered by plaintiff at the request of the other legatees, and they are not in an attitude to complain. The decree of partition was made without prejudice to the rights of plaintiff, and the legatees of Mrs. Cockrell received it subject to such interest therein as plaintiff was entitled to.

Plaintiff alleges that at the request of the legatees he permitted the whole property, including his interest therein, to be sold to discharge debts owing by the community estate as well as the estate of Mrs. Cockrell, and asked to be subrogated to the rights of the creditor whose debts were so paid to the extent his interest was appropriated for that purpose, and that defendant Cockrell contribute his pro rata part.

We are of the opinion, taking the allegations to be true, that he is entitled to this relief. Where an administrator pays the debts of the estate with his own property he is entitled to be reimbursed from the property of the estate. Lewis v. Nichols, 38 Texas, 60; Hicks v. Morris, 57 Texas, 658.

As to the defendants, other than Cockrell, there is no allegation in the petition showing them to be creditors without notice, or which places them in a more favorable attitude than Cockrell. The petition alleges that their mortgage was executed in 1893, to secure antecedent debts upon defendant Cockrell's interests in the estate of Mrs. Cockrell, but it is not stated whether before or after the partition of her estate. But that we think is immaterial. If taken after the decree of partition, it gives them notice that same was made without prejudice to plaintiff's rights in the estate, and this is sufficient to put them on inquiry. If taken be-

fore, it would not affect plaintiff's rights, as defendant Cockrell's interest, which was mortgaged, was a pro rata share in the remainder after deducting plaintiff's interest and the payment of the debts. The will of Alexander Cockrell gave notice of who the legatees were.

The setting apart property to the three sons of Mrs. Cockrell should not have misled them, for there is no pretense that the daughter's interest had been set apart to her, and the will gave notice of her interest. They should not have been misled by the will of Mrs. Cockrell, for it could only dispose of her interest and it did not affect plaintiff's rights therein. The act of plaintiff in administering the property was not conclusive against his right to recover an interest therein, and he is not estopped thereby. They are not in an attitude to defeat plaintiff's right to subrogation, for if he is subrogated to the rights of the creditors said defendants would then be in no worse condition than when the mortgage was executed. Defendant Cockrell's interest in the estate was contingent upon the payment of the debts, and had not plaintiff's interest contributed to the discharge thereof, the property of the estate would have been appropriated for that purpose, and Cockrell's interest therein been diminished in proportion.

The petition shows plaintiff entitled to a recovery against Cockrell for a pro rata contribution by partition in kind or in money, as the equities of the case may be shown to exist by the evidence.

The judgment is reversed and cause remanded.

*Reversed and remanded.*