### SECOND NATIONAL BANK ET AL V. ROBERT F. FORD, ADMINISTRATOR.

No. 7244. Decided January 25, 1939.
Rehearing overruled February 15, 1939.
(123 S. W., 2d Series, 867.)

*Conrad J. Landram,* of Houston, for plaintiff in error.

The notes sued upon are enforcible claims for debt against the estate of Denton W. Cooley, deceased, and his administrator, and plaintiffs are entitled to the affirmance of their money judgment because testator was personally and individually liable on the notes, even though the lien securing the same might be invalid. Camp v. Dallas National Bank, 36 S. W. (2d) 994; Warren v. Harrold, 49 S. W. 364; McFarland v. Shaw, 45 S. W. (2d) 193.

If Cooley held title to the property as trustee it was under a deed to him where terms and beneficiaries were wholly undisclosed and under Article 7425a he was expressly empowered to encumber the trust property by executing the notes and liens

in question. Spence v. Fenchler, 180 S. W. 597; 1 S. W. (2d) 1085; North v. Atlas Brick Co., 13 S. W. (2d) 59.

*E. T. Chew,* of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Robert F. Ford is administrator of the estate of Denton W. Cooley, deceased. The Second National Bank, of Houston, and J. H. Rafferty presented a claim to the administrator based upon three notes, each in the principal sum of $2500.00, signed "Denton W. Cooley, trustee," payable to the order of A. C. Bayless and indorsed by him to Rafferty without recourse. The notes were secured by a deed of trust executed by Cooley as trustee upon certain real estate situated in Harris County, theretofore conveyed to him as trustee. The notes and lien were assigned by Rafferty to the bank as security for an indebtedness owing by the former to the latter in the sum of $4500.00. The claim was in behalf of the bank for that amount and in behalf of Rafferty for the balance, but in his affidavit filed in support of the claim Rafferty expressly recognized the right of the bank to collect the entire claim and thereafter account to him. The administrator rejected the claim, the reason assigned for rejecting it being "that under no circumstances does it constitute a valid claim against this estate or against the property described therein." In due time the bank and Rafferty instituted this suit in the district court for the establishment of the claim and the foreclosure of the lien securing same. A jury was demanded and upon its answers to special issues judgment was rendered against the administrator establishing the claim as a just claim and debt against the estate of Denton W. Cooley, deceased, and decreeing that, as between the bank and Rafferty, the former was entitled to collect and receive the full amount of the indebtedness, it not being necessary to adjust the respective interests of the plaintiffs. The judgment further decreed that the notes were secured by a valid and subsisting lien upon the real estate described in the petition and ordered a foreclosure of same. It was decreed that an order of sale issue directing the seizure and sale of the land as under execution in satisfaction of the judgment. The officer executing the writ was directed to apply the proceeds of the sale to the costs of court, the costs of executing the writ and the balance of the proceeds of the sale to the bank to the amount required for the satisfaction of its judgment. It was further decreed that, if the proceeds of such sale should be insufficient to satisfy

the judgment, no general execution should issue, but that any deficiency on said judgment should be paid in due course of administration of the estate of Denton W. Cooley, deceased, by the probate court of Harris county, to which court the judgment should be certified for that purpose, and for observance and execution in accordance with law. The administrator appealed to the Court of Civil Appeals and that court reversed the judgment of the trial court in its entirety and rendered judgment that the claimants take nothing. 100 S. W. (2d) 1112.

Only three special issues were submitted to the jury, which issues, together with the answers thereto, were as follows:

"Special Issue No. 1. Do you find from a preponderance of evidence that the plaintiff, Jack Rafferty, gave or paid to Denton W. Cooley, a valuable consideration for the notes herein sued upon? Answer, We do."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the notes in controversy herein were endorsed by A. C. Bayless to Jack Rafferty at the request of Denton W. Cooley? Answer, We do."

"Special Issue No. 3. Do you find from a preponderance of the evidence that it was the intention of the plaintiff, Jack Rafferty, and the deceased, Denton W. Cooley, in having the notes in controversy herein endorsed by A. C. Bayless to Jack Rafferty, that the said Jack Rafferty was to take said notes and sell the same and deliver the proceeds to Denton W. Cooley? Answer, We do not."

As we interpret the opinion of the Court of Civil Appeals the holding of that court was that the evidence conclusively established that the property was trust property standing in the name of Cooley as trustee; that the beneficiaries of the trust were not disclosed; that it was conclusively established that the consideration for the notes was a personal obligation owing by Cooley to Rafferty, and not an obligation of the trust; wherefore the lien was void, and, the transaction having been invalid ab initio and known by Rafferty to have been invalid, the notes could not constitute a proper claim or debt against the estate. With these conclusions we find ourselves unable to agree.

It appears that the notes were originally executed in favor of Bayless for the purpose of enabling him to procure a loan for Cooley from an insurance company which Bayless represented. His company declined to make the loan and thereafter the notes were indorsed by Bayless without recourse and delivered to Rafferty at the request of Cooley as evidence of a personal indebtedness owing by Cooley to Rafferty. Since Bay-

less was acting as the agent of Cooley in the matter, we regard the transaction just as if the notes had been executed and delivered by Cooley directly to Rafferty. No question was raised in the Court of Civil Appeals, nor is one raised here, as to the sufficiency of the pleadings to support the judgment of the trial court.

■ In so far as the judgment of that court established a claim for money against the estate based upon these notes, no reason is perceived why it is not correct. Cooley was indebted to Rafferty; he executed the notes and caused them to be delivered to Rafferty; and the jury found that they were based upon a valuable consideration. By the provisions of the Negotiable Instruments Law, Art. 5932, Sec. 20, Cooley's addition of the word "trustee" after his signature without disclosing for whom he was acting did not exempt him from personal liability. Certainly the facts establish no exemption, but, on the contrary, they establish liability.

It may be correct to conclude that the notes were delivered to Bayless for a special purpose and not to take effect as obligations of Cooley to Bayless, but, as above noted, they were delivered to Rafferty as personal obligations of Cooley, and the act of Cooley in requesting Bayless to indorse them to Rafferty render immaterial the question of whether there was an unconditional delivery to Bayless in the first instance. There was an unconditional delivery to Rafferty at the request of Cooley, and the effect thereof was the same as if Cooley had executed and delivered the notes to Rafferty.

■ Neither do we see any legal objection to the establishment of the validity of the lien. The facts of the case are peculiar in this regard; no witness seemed to know who, if anyone, was the beneficiary in the trust. It appears that efforts have been made to determine who is the real owner of this property, but the efforts have been unavailing. Cooley died June 9, 1928. The judgment in this case was rendered on November 19, 1934, and no one had then come forward to claim this property as the beneficiary in the trust. Originally the property was not listed by the administrator as an asset of the Cooley estate, but before the expiration of the first year of the administration the same was listed as an asset of the estate and the administrator began paying taxes thereon. He was at the date of the trial still administering same as a part of the estate. He is therefore in no position to challenge the validity of the lien on the ground that the property may not belong to the estate of Cooley. If before the probate court

orders the property sold it should be established that it belongs to others and is not, therefore, properly subject to administration, the powers of that court are ample to take care of the situation. Cooley's estate will not be prejudiced by a judgment establishing the validity of the lien, and neither will the beneficiaries, if any there be, for they are not parties to the litigation and are not, therefore, bound by the judgment rendered therein.

■ In so far as the judgment of the trial· court ordered a foreclosure of the lien and directed the application of the proceeds of sale it encroached upon the jurisdiction of the probate court. It would appear that the trial court probably proceeded upon the theory that the act of 1931, 42nd Legislature, p. 79, ch. 52, Vernon's Texas Civil Statutes, Art. 3515a, was applicable. In general that statute provides for the allowance of a secured claim against a decedent's estate as a preferred lien against specific property securing same. This court had occasion to construe that statute in the cases of Laubhan et al v. Peoria Life Ins. Co., 129 Texas 225, 102 S. W. (2d) 399, and Wyatt v. Morse, 129 Texas 199, 102 S. W. (2d) 396, and there is no occasion for any further writing with reference thereto in this opinion. It was held in the Laubhan case that the statute cannot be given retroactive effect and hence is inapplicable to claims based upon lien contracts executed before its effective date. In this case not only was the contract executed before the effective date of the statute, but Cooley died, the administrator was appointed and the claim filed with him before the statute became effective. We, therefore, hold that the statute referred to is wholly inapplicable to the case before us, and in determining the character of judgment which should have been entered in the district court look only to the law as it existed prior to the passage of that act. The well established rule in cases not falling within the terms of the above statute is that where a claim secured by a lien has been rejected and suit is brought thereon in the district court, that court may render judgment fixing the amount of the indebtedness and establishing the lien, but may not enter an order foreclosing the lien and directing a sale of the incumbered property. The district court must certify its judgment to the probate court for payment in due course of administration and for the enforcement of the lien in that court in the manner provided by the statute. The district court has no jurisdiction to classify secured claims or to order a sale of the incumbered property. Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049; Laubhan et al v. Peoria Life Ins. Co.,

supra. Many other cases to the same effect are listed in 14 Tex. Jur., Sec. 369, pp. 144 et seq.

That portion of the judgment of the trial court which directs the issuance and execution of an order of sale is eliminated and in lieu thereof there will be here substituted a provision that the judgment of the trial court fixing the amount of the claim and establishing the lien be certified to the probate court in which the administration is pending for observance and execution in accordance with law. Our order is that the judgment of the Court of Civil Appeals be reversed; that the judgment of the trial court be reformed and, as reformed, that it be affirmed.

Opinion adopted by the Supreme Court January 25, 1939.

Rehearing overruled February 15, 1939.