## POTTINGER v. SOUTHWESTERN LIFE INS. CO.

### No. 2015.

Court of Civil Appeals of Texas. Waco.

March 7, 1940.

Rehearing Denied March 28, 1940.

Monning & Akin, of Amarillo, for plaintiff in error.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for defendant in error.

ALEXANDER, Justice.

This suit was brought by Southwestern Life Insurance Company against Mrs. Bettie Kate Pottinger, individually and as independent executrix of the estate of J. V. Pottinger, deceased, and others for debt and to foreclose a deed of trust lien on 933 acres of land in Potter county. Mrs. Pottinger, in her answer by way of cross-action, alleged that she had paid off certain indebtedness owing by the estate of her deceased husband, J. V. Pottinger, for funeral expenses and expenses of last sickness with her own funds and had taken assignments of the accounts, and had become subrogated to the rights of the original creditors holding said claims, and that the estate owed certain claims for expenses of administration, and she prayed that said claims be classified as first class claims owing by said estate, and that the proceeds of the sale of said land be first applied to the discharge thereof. A trial before the court resulted in a judgment for plaintiff for its debt with foreclosure of its lien and denying Mrs. Pottinger any recovery on her cross-action. Mrs. Pottinger, individually

and as executrix of said estate, removed the case to this court by writ of error.

In the outset it should be noted that the deed of trust here sought to be fore-closed was executed in 1927, which was prior to the enactment of Vernon's Ann. Civ.St. art. 3515a (Acts 1931, 42nd Leg., p. 79, chap. 52). Its enforcement is there-fore regulated by the law as it existed prior to that Act. Laubhan v. Peoria Life Ins. Co., 129 Tex. 225, 102 S.W.2d 399; Second National Bank v. Ford, Tex.Com.App., 123 S.W.2d 867. Under the statutes as they existed prior to 1931, in the administration of estates through the probate court, claims for funeral expenses and expenses of last sickness were classified as first class claims, and expenses of administration were classified as second class claims, all of which were superior to lien claims, which were classified as third class claims. Arts. 3531 (Vernon's Ann.Civ.St. art. 3531), 3533, Revised Statutes. Under the amendment of 1931, above referred to, a lien creditor whose lien was created subsequent to that Act may ask for and have his claim approved as a preferred claim against the specific property covered by his lien only and in that event his claim as to the proceeds of the sale of the property in question is superior to all other claims. Wyatt v. Morse, 129 Tex. 199, 102 S.W.2d 396. The evidence in the main sustained the matters of fact alleged by Mrs. Pottinger in her cross-action and she is entitled to judgment on at least a part of the claim asserted by her unless her right thereto is defeated by one or more of the contentions made by the defendant in error.

The defendant in error's first contention is that the provisions of R.S. arts. 3531 and 3533, relating to the classification and due order of payment of claims in the administration of estates of deceased persons, has no application to independent administrations, and consequently Mrs. Pottinger was not entitled to have the claims held by her for funeral and expenses of last sickness paid as preferred claims out of the proceeds of the sale of the land covered by its lien. We do not think the authorities sustain this contention. It is true the articles last cited are found in a chapter of our probate statutes regulating dependent administrations, but this alone is insufficient to justify a holding that they have no application when the estate is being administered independent of the probate court. In the case of Alexander v. Berkman, 3 S.W.2d 864, 870, this court, in an opinion by Chief Justice Gallagher, said: "Appellee stresses the fact that Berkman was an independent executor and that the estate of Mrs. Thomas was not being administered in the probate court. An independent executor is not a law unto himself. His 'independence' consists largely in his right in the administration of such estate to do without an order of the county court every act which he could do with such an order, were he acting under the control of such court. Dwyer v. Kaltayer, 68 Tex. 554, 563, 5 S.W. 75; Ellis v. Howard Smith Co., 35 Tex.Civ.App. 566, 80 S.W. 633, 634 (writ refused). His management of the estate is an 'administration' of the same in contemplation of the law, and for some purposes the estate remains all the while under the jurisdiction of the county court probating the will under which he is acting. Roy v. Whitaker, 92 Tex. 346, 355, 48 S.W. 892, 49 S.W. 367. An independent executor is required to conform to the provisions of our probate laws as far as applicable. R.S.1925, art. 3449. It is his duty to pay the debts of the testator and expenses of administration in the order of priority prescribed by articles 3531–3533 of the Revised Statutes, 1925. If he does not do so, any creditor holding an unpaid debt against the estate may, after the expiration of one year, enforce payment thereof by suit against him and by a levy of execution on the property of the estate remaining in his hands. R.S.1925, article 3437. This statute, however, presupposes the solvency of the estate, and cannot be invoked to give one creditor a preference over another of the same or higher class, contrary to the provisions of said articles of the statute, when the estate is insolvent. Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex.Civ. App. 124, 71 S.W. 570 (writ refused)."

This same holding was made in Etter v. Tuck, Tex.Civ.App., 91 S.W.2d 875 and Jenkins v. First National Bank of Coleman, Tex.Civ.App., 101 S.W.2d 845. This contention is overruled.

R.S. art. 3544 provides, in part as follows: "No executor or administrator shall purchase for his own use, either directly or indirectly, any claim against the estate he represents; and, should he do so, * * * such executor or administrator shall not be allowed to receive from the estate any portion of such claim."

Defendant in error contends that under the above statute the executrix should not

be permitted to collect on any of the accounts against the estate which she personally paid off with her own funds. It should be noted that the statute prohibits an executor or administrator from purchasing accounts against estates he represents "for his own use." The object of this statute, we believe, was to prevent representatives of estates from using their office in purchasing accounts against estates at a discount and filing the same against the estate for their full value and thereby reaping a profit by means of their official positions. Gray v. Cockrell, 20 Tex.Civ.App. 324, 49 S.W. 247; Chevallier v. Wilson, 1 Tex. 161. The statute ought not to be so construed as to penalize a widow who, in order to avoid embarrassment, makes prompt payment of the account for the burial of her deceased husband and merely seeks to be reimbursed for the money so expended by her for the benefit of the estate. According to the testimony, the claims in question were paid off by Mrs. Pottinger in full at their face value. There is therefore no evidence of any attempt to traffic in claims against the estate at the expense of the creditors thereof. We overrule this contention. See Lowenstein v. Watts, 137 S. W.2d 2, decided by Sup.Ct. Feb. 28, 1940.

■■ There is evidence indicating that since the qualification of the executrix certain other creditors of the estate, the Lincoln National Life Insurance Company and Amarillo National Bank, have been permitted to foreclose on certain property covered by liens held by them and to apply to their debts the whole of the proceeds of the sale of such property, together with some rents that accrued thereon prior to foreclosure. Defendant in error here contends that the executrix by permitting this to be done has thereby allowed a preference to such creditors and consequently has estopped herself to here collect the full amount of the claims held by her out of the proceeds of the property covered by defendant in error's lien. In the first place, no such defense was raised by the defendant in error in its pleadings. As we understand, estoppel, in order to be available, must be plead. 17 Tex.Jur. 146; Leon v.

Gulf Production Co., Tex.Civ.App., 35 S. W.2d 1101. In the second place, the lien held by these creditors included the rents and were executed subsequent to the amendment of 1931, above referred to. These creditors therefore had a right to have their liens foreclosed as preferred claims against the specific property covered thereby. Wyatt v. Morse, 129 Tex. 199, 102 S.W.2d 396. The executrix violated no duty to the defendant in error by permitting the other named creditors to do what they were authorized to do under the law.

■ There was evidence that the executrix had made an allowance of $500 to herself in lieu of exempt property and an allowance in like amount for support and that she appropriated to herself in satisfaction of such claims several vacant lots of small value and the sum of $261 in cash, which she had received from the sale of certain furniture out of an apartment house belonging to the estate. The claims for funeral expenses and expenses of last sickness were superior to the widow's claim for allowances in lieu of exempt property and for support, and the executrix was not authorized to so apply these funds so long as the preferred claims were unpaid. Upon another trial the value of these lots, together with the cash so appropriated by the executrix, should be applied as a credit on the preferred claims held by the executrix. R.S. arts. 3483, 3500.

■ Among other claims which the executrix asserted and sought to have allowed and paid out of the proceeds of the mortgaged property in question was a claim for attorney's fees for representing the executrix in the administration of the estate. The evidence does not show what part of the attorney's fees were incurred for representing the executrix in her official capacity and what part was incurred in representing her in her individual capacity. Upon another trial, this matter should be clarified, for the estate, of course, would not be liable for attorney's fees incurred in representing Mrs. Pottinger individually.

The judgment of the trial court will be reversed and the cause remanded for another trial.