**Jan CHANG, Appellant,**

v.

**LINH NGUYEN and Linh Nutrition Program, Inc., Appellees.**

**No. 14–00–01089–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 2002.

Rehearing Overruled June 6, 2002.

---

Robert Williams Higgason, Houston, for appellants.

Terri Barziza Mosser, Thomas Huyen Nguyen, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

RICHARD H. EDELMAN, Justice.

Appellant's motion for rehearing is overruled, and the following opinion is issued in addition to that issued in this case on December 20, 2001.

Chang's petition and brief in this case repeatedly asserted that the complained of statements in the letters (the "statements") were false. Because findings of fact and conclusions of law were not filed by the trial court, page 13 of Chang's brief stated:

> [This court] must have as a backdrop the implied findings of the trial court. Chang's best guess as to the trial court's

---

* Senior Justice Don Wittig sitting by assignment.

reasoning underlying its decision is the following: .... ⸱

2. the trial court found that the statements in Linh's letters were true; ... The trial court might have made any of the above findings and conclusions in support of its judgment. However, as the argument below will show, every one of those would have been contrary to the evidence and the law.

■ Having thus identified the truth of the statements as one of the four implied grounds for the trial court's take-nothing judgment, Chang devoted an entire section of her brief to demonstrating that "Linh's letters ... were False and Libelous, as a Matter of Law."[1] Addressing this challenge to the sufficiency of the evidence to support the implied finding of truth (or non-finding of falsity) in the manner that Chang framed it, our original opinion in this case concluded that falsity was not established as a matter of law, as she

contended, because there was conflicting evidence regarding the truth of the statements. Thereby overruling Chang's challenge to one of the implied grounds she asserted for the trial court's take-nothing judgment, we affirmed the decision of the trial court.

■ Having recognized in her brief that the truth or falsity of the statements was an implied ground for the trial court's decision, and having challenged the evidence to support that implied finding as a matter on which she had the burden of proof,[2] Chang now argues in her motion for rehearing (the "motion") that falsity was not an element of her cause of action after all. Rather, her motion contends, she needed only to prove that the statements tended to injure her reputation[3] and then it became Linh's burden to allege and prove the truth of the statements as an affirmative defense.[4] Because this con-

---

1. Twice on page 18 of her brief, Chang recognized that "if a statement [publication] unambiguously *and falsely* imputes criminal conduct to the plaintiff [another], the statement is defamatory per se," citing *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 334 (Tex.App.—Dallas 1986, no writ). Nowhere did Chang's brief suggest that it was not her burden at trial to prove the falsity of the statements. Rather, in setting forth the applicable standards of review, her brief states on page 11, "This Court Must Review the Great Weight and Preponderance of the Evidence.... If this Court determines that a finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained...." Similarly, on pages 15 and 18–21, respectively, Chang's brief asserts that "Linh's Liability to Chang for Libel Has Been Established as a Matter of Law" and that "Linh's Letters Accusing Ms. Chang of Fraud and Violations of TDHS Regulations Were False and Libelous, as a Matter of Law." Such "matter of law" and "great weight" challenges are used to challenge the legal and factual sufficiency of findings on which the challenging party had the burden of proof (*i.e.*, as contrasted from

"no evidence" and "insufficient evidence" challenges to the legal and factual sufficiency of the evidence to support findings on which the challenging party did not have the burden of proof). *See generally* W. Wendell Hall, *Standards of Review in Texas*, 29 ST. MARY'S L.J. 351, 487 (1998).

2. *See supra* note 1.

3. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 73.001 (Vernon 1997) (entitled "Elements of Libel" and stating that a libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury).

4. Truth is clearly an affirmative defense to a defamation action. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Knox v. Taylor*, 992 S.W.2d 40, 54

tention was not only not raised in her original brief, but, if anything, is contrary to the challenge set forth in her brief, it is not a ground on which her motion for rehearing can be sustained.

█ In addition, even if this contention had been properly raised, it would not support reversal. Although the truth of the statements was not pleaded as an affirmative defense, it was the subject of conflicting testimony, as outlined in our original opinion, and an implied finding by the trial court, as acknowledged in Chang's brief. Therefore, the affirmative defense of truth was tried by consent,[5] and the trial court could have properly entered a take-nothing judgment against her if, in its capacity as trier of fact, it believed the statements were true, regardless whose burden it was to prove their truth or falsity. Accordingly, Chang's motion for rehearing is overruled.

---

(Tex.App.—Houston [14th Dist.] 1999, no pet.); *Frank B. Hall & Co. v. Buck,* 678 S.W.2d 612, 623 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). However, a question exists as to the relative burdens of a defamation plaintiff and defendant to prove the falsity or truth of the allegedly defamatory statements. *Compare* Mary A. Sprague Langston, *Libel Litigation in Texas: The Plaintiff's Perspective,* 13 Sт. Mary's L.J. 978, 989 (1982) ("In a purely private case, it is not clear whether the plaintiff must prove falsity or the defendant prove truth."), *and* Lyman G. Hughes & Tim Gavin, *Commercial Torts and Deceptive Trade Practices,* 40 Sw. L.J. 133, 153 (1986) (recognizing the split in authority as to whether the burden is on the libel plaintiff to prove the falsity of statements rather than upon the defendant to prove their truth), *with* Robert W. Higgason, *The Truth About Defamation,* Hous. Law., Jan./Feb. 1997, at 16, 17 ("The defendant would have the burden of establishing the truth of the statements; the plaintiff would not have to establish falsity.")

**5.** *See* Tex.R. Civ. P. 67.