**Opinion issued November 8, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00072-CV

———————————

## ONE 2000 INTERNATIONAL TRUCK TRACTOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

## On Appeal from the 334th District Court
## Harris County, Texas
## Trial Court Case No. 2009-52272

---

## MEMORANDUM OPINION

In this forfeiture case, the State seized a 2000 International Truck Tractor owned by James Cornish, and it timely instituted a suit for forfeiture. It did not however, procure service on Cornish until five months after the applicable

limitations period expired. Cornish moved to dismiss the action, contending that the State failed to diligently procure service on him. The trial court denied the motion to dismiss, and Cornish attempts to appeal the trial court's ruling. Because the parties later entered into an agreed final judgment and Cornish does not contend that the State procured the judgment by fraud or deceit, we hold that Cornish has waived the right to complain of the trial court's interlocutory ruling. Accordingly, we affirm the judgment of the trial court.

## Background

In July 2009, Cornish admitted to owning the seized truck and using it to steal a trailer and eighteen pallets of roofing shingles. As a result, the authorities seized the truck as contraband under Chapter 59 of the Texas Code of Criminal Procedure. The State filed its petition and its notice of seizure and intended forfeiture in August 2009, shortly before the thirty-day limitations period expired. The State requested service on Cornish twice, at different correctional facilities, but each time he was transferred before being served. The State received the unexecuted return from the second attempt at service in November, but misfiled the return. It made no further efforts to serve Cornish.

In January 2010, Cornish's attorney contacted the State to find out what happened to the truck. He was informed of this forfeiture action and accepted service on Cornish's behalf. Cornish filed an answer and moved to dismiss,

contending that the State did not diligently procure service on him, as he was not served until more than five months after the limitations period expired. The trial court denied the motion. The parties subsequently entered into an agreed final judgment, forfeiting Cornish's truck.

**Discussion**

A judgment entered upon the agreement of the parties cures all non-jurisdictional defects. *Mailhot v. Mailhot*, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Dunman v. Hartwell*, 9 Tex. 495, 496 (1853). A party may not challenge such a judgment or defects in the proceedings in the case absent an allegation of fraud, collusion, or misrepresentation. *Authorlee v. Tuboscope Vetco Int'l, Inc.*, 274 S.W.3d 111, 119 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Dunman*, 9 Tex. at 496. The statute of limitations is an affirmative defense that a defendant must plead; it is generally not jurisdictional. TEX. R. CIV. P. 94; *see Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) (explaining that statutory prerequisites to suit go to the right of a plaintiff to relief rather than jurisdiction).

Cornish contends that the trial court erred in denying his motion to dismiss for the State's failure to diligently procure service on him after the limitations period expired. He does not allege that the State engaged in fraud or misrepresentation to obtain his agreement to the judgment, nor does he raise a

3

jurisdictional challenge. *See Kazi*, 12 S.W.3d at 76. Having consented to the Agreed Final Judgment forfeiting his truck, Cornish waived his right to complain of the trial court's prior ruling on his motion to dismiss. *See Mailhot*, 124 S.W.3d at 778.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.