**Affirmed and Majority and Dissenting Opinions filed November 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00991-CV

---

### DHI HOLDINGS, LP, Appellant

### V.

### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3; AND SPECIALIZED LOAN SERVICING, LLC, Appellees

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-06668**

---

## MAJORITY OPINION

Can a party ask a trial court to render judgment, yet nonetheless reserve the right to appeal a portion of that judgment, in effect asking the appellate court to determine an issue that was not contested at trial? Put another way, may a party ask the trial court for a particular ruling, and then appeal that very ruling to this court?

Because appellate courts do not reverse unless the trial court erred, we answer, "No."

In three issues, appellant DHI Holdings, LP, attempts to appeal a final summary judgment. We conclude DHI has waived any error and affirm.

## I.    BACKGROUND

DHI filed suit to prevent foreclosure on real property by the appellees: (1) the Deutsche parties that own and hold the deed of trust on the property and (2) the mortgage servicer for the Deutsche parties.[1] DHI obtained a temporary restraining order enjoining a foreclosure sale and moved for partial summary judgment arguing that the deed of trust lien was void because appellees had not foreclosed on the property within the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). The parties disputed the effect on limitations of appellees' attempted acceleration of the note, and appellees moved for a traditional summary judgment that they abandoned or waived acceleration, restarting the limitations period.

All parties signed and filed a Texas Rule of Civil Procedure 11 agreement providing, in part:

Dear Judge Sandhill:

Jeffrey Jackson, attorney for Plaintiff, DHI, and Jennifer McCammon, an attorney for Defendants, Deutsche Bank and Specialized Loan Servicing, submit this stipulation and agreement on the Motions for Summary Judgment heard in the above-styled case.

On April 25, 2019, the Court heard cross motions for summary

---

[1] The appellee Deutsche parties are (1) Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006–HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 and (2) Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3.

The appellee mortgage servicer is Specialized Loan Servicing, LLC.

judgment in the above-styled case.

After some discussion, the Court asked the parties to discuss whether they preferred a 1-2 day trial on the issue of waiver of acceleration or if the parties wanted to agree to enter summary judgment in favor of Deutsche Bank and Specialized Loan Servicing so that the issue could be considered de novo on appeal.

The parties have discussed the options with our clients and the parties agree as follows:

> 1. DHI will [dismiss] without prejudice WMC Mortgage Corp. and Mortgage Electronic Registration Services, Inc.;
>
> 2. DHI will [dismiss] without prejudice all claims other than its limitations defense to foreclosure against Deutsche Bank and Specialized Loan Servicing;
>
> 3. A final summary judgment is to be entered in favor of Deutsche Bank and Specialized Loan Servicing on the cross motions for summary judgment in a form agreed to by the parties that is consistent with this Rule 11 Agreement;
>
> 4. By entering into this stipulation and agreement, DHI does not waive any right to appeal the judgment or the right to make any argument any argument on appeal that the trial court erred in granting summary judgment to Deutsche Bank and Specialized Loan Servicing.

*See* Tex. R. Civ. P. 11. The parties then filed a joint motion for an agreed judgment:

> On April 25, 2019, the Court heard cross motions for summary judgment. After some discussion, the Court asked the parties to discuss whether the parties preferred a 1-2 day trial on the issue of waiver of acceleration or if the parties wanted to agree to enter summary judgment in favor of Deutsche Bank and Specialized Loan Servicing so that the issue could be considered *de novo* on appeal.
>
> The parties have reached an agreement filed contemporaneously herewith that calls for entry of an agreed final judgment in favor of Defendants on the cross motions.
>
> . . . .

3

The Parties agree that the Court should enter the proposed agreed summary judgment filed with this motion.

The trial court signed the "AGREED FINAL JUDGMENT," which states in part:

> After considering the pleadings, motions, responses and replies, evidence on file, and arguments of counsel, the Court grants Deutsche Bank and [Specialized Loan Servicing's] motion and denies DHI's motion.
>
> The trial court finds the following:
>
> . . . .
>
> 2. DHI has preserved its right to challenge this judgment on appeal.
>
> Therefore, by agreement of the Parties, the Court orders that DHI take nothing by its suit against Deutsche Bank and [Specialized Loan Servicing].
>
> . . . .
>
> The Court further orders that all of DHI's claims against Deutsche Bank and [Specialized Loan Servicing] other than claims on the statute of limitations to foreclose are dismissed without prejudice.
>
> The Court further orders that each party is to bear their own costs and fees.
>
> This Judgment is final, disposes of all claims and all parties, and is appealable.
>
> The Court orders execution to issue on this judgment.

There is no question that this is a final and appealable judgment, disposing of all parties and all claims. Although the judgment initially seems to be interlocutory by not dismissing "claims on the statute of limitations to foreclose," the judgment ultimately disposes of them. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). However, we must address whether DHI has preserved any complaint for appellate review. Though not raised by the parties, it

4

is a prerequisite to presenting a complaint on appeal that a party must present to the trial court a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context, and obtain a ruling.[2] Tex. R. App. P. 33.1(a).

## II.    ANALYSIS

In Texas, settlement is encouraged and favored. *See Transportation Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995) ("Settlements are favored because they avoid the uncertainties regarding the outcome of litigation, and the often exorbitant amounts of time and money to prosecute or defend claims at trial."); *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 855 (Tex. 1980) (Campbell, J., concurring) ("Settlement agreements are highly favored in the law because they are a means of amicably resolving doubts and preventing lawsuits."). Here, the parties agreed to settle DHI's claims, and as part of that agreement the parties agreed to the rendition of judgment in favor of appellees, including the trial court denying DHI's motion for summary judgment. The settlement agreement was contingent on the trial court's signing the agreed judgment.

Though settlement is favored, it is problematic when the parties do not agree with everything in the four corners of the judgment they request. The parties cannot agree to allow an appellate complaint unless a specific ground is presented to the trial court and the trial court makes an adverse ruling. This is important not only so parties do not conceal complaints of reversible error from the trial court,

---

[2] DHI's appellate brief does not refer to the final judgment by its caption, "AGREED FINAL JUDGMENT," but the brief does state, "On November 14, 2019, the 127th district court signed a final judgment agreed to by all remaining parties."

but also for purposes of error preservation. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019) ("Affording trial courts an opportunity to correct errors conserves judicial resources and prevents an appeal by ambush or otherwise having to order a new trial."); *ETC Mktg., Ltd. v. Harris Cty. Appraisal Dist.*, 528 S.W. 3d 70, 74 (Tex. 2017) (preservation of error is driven by "the principle that the trial court should have the chance to rule on issues that become the subject of the appeal").

This principle was summarized three decades ago by Judge Campbell on the court of criminal appeals:

> There are many rationales for this raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to the trial court; that fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond to them or cure them; that reversing for error not raised in the trial court permits the losing party to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a trial court it erred when it was never presented with the opportunity to be right. The princip[a]l rationale for the rule, however, is judicial economy. If the losing side can obtain a reversal on a point not argued in the trial court, the parties and the public are put to the expense of a retrial that could have been avoided by better lawyering. Furthermore, if the issue had been timely raised in the trial court, it could have been resolved there, and the parties and the public would have been spared the expense of an appeal.

*Young v. State*, 826 S.W.2d 141, 149 (Tex. Crim. App. 1991) (Campbell, J., dissenting) (commenting on former Tex. R. App. P. 52(a), now Tex. R. App. P. 33.1(a)), *cited with approval by Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). We agree. The trial court must be made aware, before it signs a final judgment or appealable order, of any complaint of reversible error. *See generally USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018)

(preservation of error requirement "furthers 'the goal of accuracy in judicial decision-making' by allowing the parties to 'develop and refine their arguments' and allowing the trial court to 'analyze the questions at issue'") (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). In short, an appellant must comply with Texas Rule of Appellate Procedure 33.1(a) so the trial court is aware of the specific ground that will be appealed, such that the trial court's signing of the "agreed" judgment or appealable order constitutes an adverse ruling on that specific ground.

The settlement agreement between DHI and appellees also raises the question of whether DHI invited error. A party cannot complain on appeal that the trial court took specific action that the complaining party requested. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (citing *Northeast Tex. Motor Lines v. Hodges*, 158 S.W.2d 487, 488 (Tex. [Comm'n App.] 1942)).

The right to complain about a judgment on appeal is preserved when a movant states "in its motion to enter judgment that it agrees only with the form of the judgment," and notes "its disagreement with the content and result of the judgment." *First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989) (no waiver when plaintiffs' motion for entry of judgment referenced plaintiffs' motion for new trial, stated that plaintiffs agreed only with form of judgment, and specified plaintiffs' disagreement with content and result of judgment). "[M]erely provid[ing] a draft judgment to conform to what the court had announced would be its judgment" does not result in waiver of the appeal. *John Masek Corp. v. Davis*, 848 S.W.2d 170, 174–75 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *cf. Chang v. Linh Nguyen*, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, *opinion supplemented on overruling of reh'g*, 76 S.W.3d 635 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("In this case, the parties' attorneys approved the take nothing judgment as to 'form and substance' but there is nothing more in

the record to show that they settled or entered the judgment by consent or the like.").

This case does not present the same fact situation as in *Fojtik*. In this case there is no record that the trial court orally rendered a ruling on the two summary-judgment motions, making it clear that the motion for summary judgment of the mortgage servicer and the Deutsche parties was granted on the merits and the motion for summary judgment of DHI was denied on the merits. Had the trial court so ruled, then a judgment memorializing that and approved as to form would not waive an appellate complaint on the trial court's denial of DHI's motion for summary judgment. There is nothing in the record indicating that the trial court made an adverse ruling on the merits against DHI before signing the "agreed" judgment that all parties asked the trial court to sign. To the extent that the factual recitations in the Rule 11 agreement and motion for entry of judgment can be relied on at all, what those documents in the clerk's record indicate is that the trial court offered a "trial on the issue of waiver of acceleration," implicitly suggesting the trial court would not grant DHI's motion for summary judgment.

A party's consent to the trial court's entry of judgment waives any error, except for fundamental error, contained in the judgment, and that party has nothing to properly present for appellate review. *See Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ); *see also Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956); *Dunman v. Hartwell*, 9 Tex. 495, 496 (1853) ("[T]he appellants are at once confronted with the general principle that consent takes away error, and that a judgment by agreement or compromise cannot be impeached, unless for fraud, collusion, or like causes, none of which appear in this record or are alleged or assigned.") (Hemphill, C.J.). And it has long been the law that parties cannot consent to vest the appellate court with jurisdiction. *E.g.*,

*Phillips v. Hill*, 3 Tex. 397, 399–400 (1848) (Wheeler, J.).

The dissent argues that the trial court was not blind-sided because the parties "came to this agreement upon the request of the trial court" and that error was preserved because the agreed judgment recited that it "grants Deutsche Bank and SLS's motion and denies DHI's motion." In essence, the dissent concludes that, because the parties conspired with the trial court to place the issues in this case before us without the trial court having first substantively addressed the merits of those issues, the issues have been properly preserved and presented to this court. This conclusion upends the traditional purpose of error preservation, which at its core is meant to ensure that the trial court addresses and rules on the merits of an issue before this court may review it. Moreover, the position taken by the dissent not only misreads the record, but also ignores that two fundamental requirements for error preservation are both missing: (1) a complaint or objection made with sufficient specificity to make the trial court aware of such complaint and (2) an adverse ruling. Tex. R. App. P. 33.1(a)(1), (2).

As discussed above, there is no reporter's record and the only evidence of knowledge on the part of the trial court comes from the parties. Simply attributing a statement to the trial court in a Rule 11 agreement does not satisfy a party's obligation to preserve error. The dissent's reliance on and citation to a Rule 11 agreement filed by the parties is misplaced.

The agreed judgment itself does not preserve error. Although the judgment contains a statement that it grants Deutsche Bank and SLS's summary-judgment motion and denies DHI's cross-motion for summary judgment, those rulings are in *an agreed judgment requested by the parties*. DHI never objected to the ruling it asked the trial court to render or made clear its disagreement with the content and result of the judgment, either in the motion for entry of an agreed judgment or in

9

the judgment itself. Though the dissent does not address the case, the holding of the supreme court in *Fojtik* controls here. 775 S.W.2d at 633. While there is a process by which a party who desires to start the appellate process may ask the court to render judgment, DHI did not make clear to the trial court that it disagreed with the content and result of the judgment. *Id.*

There is also a finding in the agreed judgment that DHI "preserved its right to challenge this judgment on appeal." However, this finding does not satisfy DHI's duty to comply with the requirements of Rule 33.1, because it does not establish that the trial court both (1) was aware of the specific ground of DHI's complaint of reversible error and (2) made an adverse ruling. *See* Tex. R. App. P. 33.1(a); *see also Rohrmoos Venture*, 578 S.W.3d at 479–80; *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) ("Preservation of error reflects important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error.").

Even if we were to subjectively accept that the trial court understood the intention of the parties, DHI still has not shown it received an adverse ruling from the trial court. With the exception of fundamental error, the parties and the trial court cannot agree for the appellate court to address an issue that (1) was not brought to the attention of the trial court and (2) on which the trial court did not make a ruling adverse to the appellant, i.e., the parties cannot agree to create appellate jurisdiction. *See Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable Living Trust*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[T]he question whether appellate jurisdiction exists cannot be waived or settled by agreement of the parties."); *Anglo-Dutch Energy, LLC v. Crawford Hughes Operating. Co.*, No. 14-16-00635-CV, 2017 WL 4440530, at *4 (Tex. App.—Houston [14th Dist.] Oct. 5, 2017, pet. denied) (mem. op.) ("[T]he

parties' stipulation cannot create appellate jurisdiction where none exists."); *Consol. Cas. Ins. Co. v. Wade*, 373 S.W.2d 841, 843 (Tex. App.—Corpus Christi 1963, writ dism'd) ("It has always been the law in the State of Texas that appellate jurisdiction may not be created by agreement."); *see also In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) (describing error preservation as "threshold to appellate review"); *Hartwell*, 9 Tex. at 496 (appeal cannot be sustained when appellants agreed and consented to judgment). Similarly, a trial court cannot agree to create appellate jurisdiction by consent. *See Anglo-Dutch Energy, LLC*, 2017 WL 4440530, at *4 (quoting *Texaco, Inc. v. Shouse*, 877 S.W.2d 8, 11 (Tex. App.—El Paso 1994, no writ)); *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ) ("It is well settled . . . that appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants."). Other than the ruling the parties asked the trial court to render, the record reveals no adverse ruling.

Aptly described by the supreme court, the procedural rule requiring preservation of error in the trial court is "technical, but not trivial." *Menchaca*, 545 S.W.3d at 518 (quoting *Burbage*, 447 S.W.3d at 258). Concluding that DHI did not comply with Rule 33.1(a) and invited the trial court to sign the agreed judgment against DHI's interest without objecting to the content or the result, DHI has not preserved a complaint for appellate review.

11

### III. CONCLUSION

We overrule DHI's three issues and affirm the judgment of the trial court as challenged on appeal. *See* Tex. R. App. P. 43.2(a).

/s/     Charles A. Spain
       Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Zimmerer, J., dissenting).