DR. S. B. WYATT ET AL. V. H. H. MORSE ET AL.

No. 7194.   Decided February 24, 1937.
Rehearing overruled March 24, 1937.
(102 S. W., 2d Series, 396.)

*R. G. Scurry,* of Dallas, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that funeral expenses and expenses of administration, preservation and safe-keeping of the estate must be paid first and secured claims paid thereafter, because in this case the secured claims were filed as preferred debts and liens against the specific property securing the indebtedness as provided by statute. Britton v. Fisher, 125 Texas 505, 83 S. W. (2d) 305; George v. First Natl. Bank, 67 S. W. (2d) 324; Nutt v. Anderson, 87 S. W. (2d) 760.

*W. M. Short* and *J. E. Whitmore,* both of Fort Worth, for defendants in error.

It was not error for the Court of Civil Appeals to hold that funeral expenses and expenses of administration and care of

estate should take priority over a secured claim filed under the statute. Gulf, C. & S. F. Ry. Co. v. Ramboldt, 67 Texas 654, 4 S. W. 356; Southern Pac. Ry. v. Sorey, 104 Texas 476, 140 S. W. 335; Garrison v. Richards, 107 S. W. 861 (error dismissed for want of jurisdiction) ; 59 C. J. 1053.

*A. M. Frazier* and *Fannie M. Boyls,* both of Dallas, filed argument as amici curiae, in support of application for writ of error.

MR. JUDGE TAYLOR delivered the opinion for the Court.

In this case plaintiffs in error, who will be designated as plaintiffs, presented their claim secured by specific property belonging to the estate of John A. Jackson, deceased, to H. H. Morse, the administrator. The claim was rejected except as to one or two items. Plaintiffs thereupon filed suit in the district court, alleging that in filing their claim with the administrator they had specified in the accompanying affidavit that they desired to have it approved, allowed and fixed as a preferred debt and lien against the specific property securing the indebtedness, as provided in subsection (b) of Section 1 of Article 3515a, Vernon's Texas Statutes 1936 (G. L. 42d Leg., Chap. 52, pp. 79-80), and paid according to the terms of the mortgage contract. Upon trial before the court without a jury plaintiffs recovered judgment for the amount sued for and for foreclosure. The judgment however establishes and fixes the claim as one of the third class against the estate as a whole, subject to first class claims for funeral expenses and expenses for last sickness and second class claims for expenses of administration in the preservation, safe-keeping and management of the estate. The judgment decrees foreclosure as stated and further directs that it be certified to the probate court for observance. The Court of Civil Appeals affirmed the judgment. 97 S. W. (2d) 336.

The sole question presented is whether plaintiffs' secured claim has priority over first and second class claims against the estate in view of the provisions of Article 3515a, and Article 3531 R. C. S. 1925, as amended. (G. L. 42d Leg., Chap. 234, p. 389.) Both the act (Art. 3515a) and the amendment were passed in 1931 at the same session of the Legislature.

The first four sections of the act read:

"Section 1. That in addition to the matter contained in the affidavit provided for in Article 3514 and 3515 of the Revised Civil Statutes of 1925, when a secured claim against an estate is presented, the claimant shall specify therein:

"(a) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved, or

"(b) Whether it is desired to have the claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secures the lien, in which event it shall be so allowed and approved if it is a valid lien, provided, however, that the executor or administrator may pay said claim prior to maturity if it is for the best interest of the estate to do so.

"Section 2. If a secured claim is not presented within the time provided by law it shall be treated as a claim to be paid as provided in subsection (b) of Section 1. If the instrument evidencing or supporting a claim provides for attorney's fees then the claimant may include as a part of the claim the portion of such fee that he has contracted to pay to an attorney to prepare, present and collect such claim. If the claim is presented under subsection (b) of Section 1 and is not contested the fee shall not exceed fifty (50) per cent. of the amount provided in the instrument evidencing or supporting the claim, which fee shall be treated as a matured part of such claim, but if the claim is contested the full amount of attorney's fees may be recovered.

"Section 3. When an indebtedness has been allowed and approved under subsection (b) of Section 1, hereof no further claim shall be made against other assets of the estate by reason thereof, but the same thereafter shall remain a preferred lien against the property securing same and the property shall remain security for the debt in any distribution or sale that may be made of it prior to final maturity and payment of the debt.

"Section 4. If property securing a claim allowed, approved and fixed under subsection (b) of Section 1, hereof is not sold or distributed within twelve months from the date letters testamentary or of administration are granted the executor or administrator shall promptly pay all maturities which have accrued on the debt according to the terms thereof and shall perform all the terms of any contract securing same. If the executor or administrator defaults in such payment or performance on motion of the claimholder, the court shall require the executor or administrator to sell said property subject to the unmatured part of such debt and apply the proceeds of the sale to the liquidation of the maturities or, at the option of the

claimholder, a motion may be made in a like manner to require the executor or administrator to sell said property free of such lien and apply the proceeds to the payment of the whole debt."

Section 5 in addition to repealing all laws in conflict with the act, provides that it is cumulative of the provisions of Chapters 18 and 19 of Title 54, R. C. S. 1925. Section 6 is the emergency clause.

Section 1 of Article 3531, as amended, reads:

"That Article 3531, Chapter 19, Title 54, of the Revised Civil Statutes of 1925, be, and the same is hereby, amended so as to hereafter read as follows:

" 'Article 3531. The claims against an estate shall be classed and have priority of payments as follows:

" '1. Funeral expenses and expenses of last sickness for a reasonable amount, to be approved by the county judge, not to exceed the sum of five hundred ($500) dollars; any excess to be classified and paid as other unsecured claims.

" '2. Expenses of administration and expenses incurred in preservation, safekeeping and management of the estate.

" '3. Claims secured by mortgage or other liens so far as the same can be paid out of the proceeds of the property subject to such mortgage or other lien, and when more than one mortgage or lien shall exist upon the same property the oldest shall be first paid; but no preference shall be given to such claims secured by mortgage or other lien further than regards the property subject to such mortgage or other lien.

" '4. All claims legally exhibited within one (1) year after the original grant of letters testamentary or of administration.

" '5. All claims legally exhibited after the lapse of one (1) year from the original grant of letters testamentary or of administration.' "

Section 2 repeals all conflicting laws, and Section 3 is the emergency clause.

It is contended on behalf of the administrator that there is an irreconcilable conflict between the provisions of the act and the amendment in that the act gives such claim priority by providing it may be fixed as "a preferred debt and lien" and be paid "according to the terms of the contract which secures the lien," and the amendment classifies a claim of the same type as a third class claim. It is further contended that as both the act and the amendment were passed at the same session of the Legislature, and being thus in conflict, the amendment, which was enacted about 40 days after the passage of the act,

had the effect of an implied repeal of the act.

We can not agree with this contention. It becomes apparent, we think, upon a cursory analysis of the provisions of the act and the amendment, respectively, in connection with the law as it existed prior to their enactment, that they are in complete harmony.

Prior to 1931, the year the legislation in question was enacted, such claims were governed by the provisions of Chapters 18 and 19 of Title 54 of the Revised Civil Statutes, 1925. Chapter 18 relates to the presentment of claims and Chapter 19 to their classification and payment. Article 3514 of Chapter 18 provides for an affidavit to accompany a claim when filed, and the succeeding article provides for an affidavit specifying additional matters in event the claim is lost or destroyed. The remaining articles of that chapter provide for the memorandum of allowance or rejection by the administrator, and action by the court on the claim. Article 3531, Chapter 19, provides for the classification of claims and Article 3533 provides for the order of their payment. Article 3536 provides for the application of proceeds from the sale of mortgaged property to the payment of the mortgaged debt, if such funds are not required to pay claims having a preference over the mortgage claims. Under the law as it then existed claims, though secured by liens, could be paid only in course of administration after approval and classification. The effect of the law was to mature all obligations at the death of the debtor and provide for payment after sale of the property.

The enactment of Article 3515a enlarged the rights of a holder of a secured claim by authorizing him to proceed in the matter of establishing his debt and lien, either against the specific property securing same, or to have it established and paid in due course of administration as theretofore provided, that is, as provided prior to 1931. The Legislature by the terms of the act gives the holder of such claim an alternative remedy. It provides that in filing his claim he shall specify, in addition to the matter contained in the affidavits provided for in Articles 3514 and 3515, whether his claim is filed under subsection (a) or subsection (b) of Section 1 of the act, that is, whether he desires to have his claim allowed and approved as a matured secured claim to be paid in due course of administration, or to have it allowed, approved and fixed as preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract.

Clearly, had plaintiffs elected to proceed under subsection (a) their claim would have been against the entire assets of

the estate, and being against the estate and not the specific property securing the lien, would have been classified under Article 3531 as a third class secured claim, to be paid in accordance with the provisions of Article 3533 relating to priority of payment, and upon sale of the property securing the claim the provisions of Article 3536 would have applied; that is, the procedure prior to 1931 would have been applicable had the plaintiffs so elected.

It is a very different procedure that is provided by the act under consideration however when the secured claimant elects, as plaintiff did in the present case, to proceed under subsection (b). It will be noted that the 1931 act provides that in such case the claim, when allowed and approved, remains a preferred claim against the property securing the debt. It is not a preferred lien against the estate, but against the specific property securing the indebtedness. The preference thus provided is not one which the court is authorized to make by virtue of a legislative pattern for classification of claims theretofore laid down, but is a legislative declaration of preference which is accorded holders of secured claims who elect to proceed against the specific property securing the claim rather than against the entire property of the estate. In return for this preference the claimants so electing are required to forego making further claims against other assets of the estate.

Since it appears from the provisions of Article 3531 as amended that first and second class claims have preference over secured claims when fixed against the estate, and that the preference lien provided by the act is fixed against the specific property securing the debt rather than the entire assets of the estate, it is clear the amendment and the act are not in conflict.

It will be noted that the only change made in Article 3531 by the amendment is the limiting of first class claims to $500. The imposition of such limitation being the only change, it is obvious that the Legislature in its enactment had no intention other than to effectuate the change made. Complete effect is given this intention in applying the provisions of the amendment when the claim is filed under subsection (a) of the act, and complete effect is given the pertinent provisions of the act when the claim is filed under subsection (b) thereof.

The trial court appears to have proceeded under the view that the procedure as to classification necessary to be followed in establishing plaintiffs' lien was that provided for when the claimant elects to proceed under subsection (a), and in this was in error.

2   The Court of Civil Appeals in Horn et al. v. Richardson et

al., 90 S. W. (2d) 886, denied the lien preference over funeral expenses under facts similar to those here presented, apparently under the view that the Legislature had not changed a rule of such long standing relating to such a subject. While the rule is still given application when the entire assets of the estate are proceeded against by the claimant, it is clear that it no longer has application when the claimant proceeds against the specific property securing his debt and waives further claim against the estate. The Legislature has modified the rule in the manner pointed out and we have no alternative other than to observe the modification as made.

The judgments of the trial court and Court of Civil Appeals are reversed and set aside and the cause is remanded to the trial court for rendition of judgment and certification in accordance with this opinion.

Opinion adopted by the Supreme Court February 24, 1937.

Rehearing overruled March 24, 1937.