### PULLEN v. HOME OWNERS LOAN CORPORATION.

#### No. 14458.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 4, 1942.

Rehearing Denied March 5, 1943.

879

Dunklin & Hampton, of Fort Worth, for appellant.

A. M. Frazier and J. L. Walsh, Jr., both of Dallas, for appellee.

BROWN, Justice.

Mrs. Leota Haynes died testate in Tarrant County, and one Forest Wilson was named executor without bond, but refused to offer the will for probate or to deliver same up to any other interested party, and proceeded to collect the rents from the deceased's estate and to sell certain personal property, and appropriated all of such monies collected by him to his own use.

Mrs. Ann Pullen, one of the beneficiaries named in the will, presented these facts to the County Court of Tarrant County and attached a copy of the purported will to her petition and sought to compel the said Forest Wilson to appear and produce the original will, and she prayed to be appointed administratrix with the will annexed and for the probate of the will. Her prayers were granted and Forest Wilson was adjudged unfit for letters testamentary, and the administration of the estate was laid upon the shoulders of Ann Pullen by order dated July 30, 1941.

Home Owners Loan Corporation being the owner and holder of a debt, secured by a first lien on all of the improved real estate owned by deceased, at the time of her demise, filed its claim with said administratrix for allowance and approval as a preferred debt and lien against the specific property described in the lien contract, such debt to be paid in conformity

with "the provisions of subsection (b) of Section 1, Chapter 52, Acts of the 42nd Legislature of Texas, Regular Session 1931 [Vernon's Ann.Civ.St. art. 3515a, § 1(b)], amendatory of Articles 3514 and 3515 of the Revised Civil Statutes of Texas of 1925".

The claim was allowed and approved by the administratrix on September 18, 1941, and, after being duly presented to the Probate Court, was examined and approved as such preferred debt and lien against the said specific property described, on October 3, 1941.

The administratrix having taken over the estate and management thereof made no payments to appellee, Home Owners Loan Corporation, on its debt, and on January 6, 1942, said claimant made application to the Probate Court for an order requiring the administratrix to sell the said real estate and to satisfy its debt out of the proceeds.

Suffice it to say that the application shows good cause for such action by the Probate Court, and, after due notice to the administratrix to show cause why such order should not be made and a hearing before the Court, the petition was granted, the order made on March 4, 1942, and the administratrix appealed from such order to the district court, and said court, on May 7, 1942, after a hearing on the merits, rendered judgment directing the administratrix to sell the property in controversy and to pay the said claimant its debt out of the proceeds. This judgment also ordered the administratrix to pay over to the said claimant all rents theretofore collected by her and all that she may collect between the dates of the order and the time of the sale of the property.

The administratrix has appealed from such judgment and presents two points: (1) error in the judgment of the court ordering the administratrix to sell said real estate and to pay over all of the proceeds of the sale in satisfaction of appellee's claim and debt; (2) error in the judgment of the court ordering the administratrix to pay over all rents then collected by her and thereafter collected by her, to appellee in satisfaction of its claim and debt.

The statute under which appellee proceeded to present and have classified its claim and lien is known as Article 3515a, of Chapter 18, Title 54, of Vernon's Civil Statutes.

Our Supreme Court adopted the opinion by the Commission of Appeals in Wyatt et al. v. Morse et al., 129 Tex. 199, 102 S.W.2d 396, and it appears to us that such decision has made it plain to us that the contentions made under the first point are not well taken.

Relying upon the holdings in the cited case, we are of opinion that the claimant here had a lawful right to ask for and the trial court the right to grant all of the relief prayed for, and that the cited statute was enacted to cover such situations and conditions as were presented to the trial court by the claimant. The instrument that created the lien expressly assigns all rents from the property to the lien-holder and authorizes him to take charge of same and apply all such to the payment of all sums that have become delinquent by reason of the failure of the borrower to pay the installments that accrue on the debt, or taxes, insurance premiums, etc., that may become a charge against the premises.

In presenting its claim and its petition for a sale of the property on which it holds the lien, appellee brought notice to the trial court that taxes had become delinquent on the premises and it was compelled to pay such to protect its rights, and that many accrued installments of the major indebtedness had been unpaid by the administratrix.

Undoubtedly the lien-holder had a valid lien on such rents, as well as on the premises, and we see no merit in the second point urged.

However, we desire to say that under the peculiar and particular facts of this case we hold that the order of the district court requiring the administratrix to pay the rents collected and to be collected by her applies and should be made to apply to such rents as the administratrix had on hand when she answered in the district court, and when the case was tried in the district court, and such rents as she may have collected since the said trial.

Finding no error, the judgment of the trial court is affirmed.

### On Motion for a Rehearing.

Since it appears from the record that Home Owners Loan Corporation filed its claim as a preferred claim against the property described in its Deed of Trust—that is to say, against the land and improvements described in such instrument—and asked that its claim be paid out of the proceeds of the sale of such property as a preferred debt and claim against such property, and did not, in filing its claim, ask that there be included its lien upon and its right to any rents collected from or due from said property, we hold that said claimant must be relegated to its claim against the land and improvements thereon.

Furthermore, we are of opinion that there is no proper pleading on the part of Home Owners Loan Corporation asking for the application of the rents to the payment of its debt.

It therefore follows that the order of the district court, attempting to compel the administrarix to pay the rents collected and to be collected by her to the payment of Home Owners Loan Corporation's debt, is erroneous and same should be reversed and set aside.

The judgment of this court dated December 4, 1942, is this day set aside and vacated, and it is the judgment of this court that the judgment of the district court ordering and directing the administratrix, Ann Pullen, to sell the real estate in controversy and to pay the claim of Home Owners Loan Corporation out of the proceeds of such sale, be affirmed, and that the judgment and order of said trial court, ordering and directing the said administratrix to pay over to Home Owners Loan Corporation all rents collected by her, and to be collected by her, from the said real estate, is reversed and judgment is here rendered that Home Owners Loan Corporation take nothing as to such rents.

The judgment is affirmed in part and reversed and rendered in part; and the costs of appeal are taxed against the appellee.

The motion for a rehearing is sustained in part and overruled in part.