## ANDERSON v. HEIGHTS STATE BANK OF HOUSTON et al.

No. 12330.

Court of Civil Appeals of Texas. Galveston.

Nov. 15, 1951.

Rehearing Denied Dec. 20, 1951.

Kenneth Krahl, of Houston, for appellant.

Vinson, Elkins & Weems, W. B. Browder, Jr. and H. C. Huston, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was originally brought in the County Court of Harris County to probate the will of George Elton Anderson, deceased.

Appellant, the minor daughter of the deceased, made an application in said action for an allowance for her support under Arts. 3476 and 3477, Revised Civil Statutes, and appellee, Heights State Bank, filed its claim therein against the estate under Art. 3515a, Vernon's Ann. Civil Statutes, under an affidavit which alleged the claim to be a preferred debt and lien against said estate.

Appellant appealed from the judgment of the County Court admitting the will to probate and denying appellant's claim for an allowance.

On appeal by appellant to the District Court appellee filed its motion for summary judgment and for priority of its claims, alleging that there was no genuine issue as to any material fact and that it was entitled to a judgment establishing its prior claim to the funds received from the sale of the assets of said estate as a matter of law, on the ground that on January 30, 1950, it had duly filed its claim as a creditor of said estate; that said notes had been consolidated, renewed and extended by the temporary administratrix with the chattel mortgage against the property of the estate remaining in full force and effect; that its claim had been allowed by the temporary administratrix and was approved by an order of the County Court. The trial court granted appellee's motion for a summary judgment and held that as to the sum of $3,649.49, the proceeds of the sale of the assets of said estate, the lien of the bank was a first and prior lien to all other claims against such estate.

It is undisputed that at the time of the death of George Elton Anderson appellee held his two promissory notes, one for the sum of $8,532.00 and the other for the sum of $4,860.00, both secured by chattel mortgages on motor vehicles and office furniture, equipment and certificates of title evidencing the lien on the same motor vehicles and trucks.

On July 21, 1948, by an order of the probate court the two notes were consolidated, renewed and extended into one note for the sum of $7,504.00, and secured by the chattel mortgage and liens shown on the title certificates. This order of the probate court was not appealed from.

On February 17, 1950, the temporary administratrix applied for an order authorizing the sale of said vehicles and office equipment, and the probate court entered its order directing the sale of said vehicles and office equipment.

On February 20, 1950, the assets of the estate, which were subject to appellee's chattel mortgages were sold for the net sum of $3,649.49, and on October 5, 1950, appellee's claim as a preferred debt and lien against the specific property securing the indebtedness and proceeds derived from the sale of such property was approved by the probate court. No appeal was taken from this order.

On November 20, 1950, the probate court entered an order making the following distribution of the funds of the said estate: (1) funeral expenses in the sum of $500.00, (2) $500.00, to the temporary administratrix for services, (3) $500.00 to the attorney for the temporary administratrix for legal services, (4) the remaining funds to appellee, Heights State Bank, for their secured claim, (5) the court disallowed appellant's application for an allowance for the stated reason that the court found that said claims would exhaust the funds of the estate.

Appellant relies for reversion in the appeal on twelve Points of Error. Under her First Point she complains of the action of the trial court in denying appellant's claim for allowance to her as a minor child, under Arts. 3531, 3533 and 3483, Revised Civil Statutes.

Art. 3515a provides that in addition to the matter contained in the affidavit provided for in Articles 3514 and 3515 of the Revised Civil Statutes of 1925, when a secured claim against an estate is presented the claimant shall specify therein: "(a) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved, or (b) Whether it is desired to have the claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secures the lien, in which event it shall be so allowed and approved if it is a valid lien, provided, however, that the executor or administrator may pay said claim prior to maturity if it is for the best interest of the estate to do so."

J. D. Larrabee, vice-president of appellee, filed appellee's claim and made the following affidavit: "I hereby specify that I de-

sire to have the claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the instruments which secure the lien."

The affidavit was attached to the claim and made a part thereof and was in the precise wording of the statute above quoted except that the word "instruments" was used in place of "contract".

In case of Wyatt v. Morse, 129 Tex. 199, 102 S.W.2d 396, 399, relied on by appellant in support of her contention that the allowance to herself as a minor child should have been adjudged to be superior to appellee's claim, our Supreme Court held under said Art. 3515a, that a claim when allowed and approved remains a secured lien against the specific property securing the indebtedness and that it is "* * * a legislative declaration of preference which is accorded holders of secured claims who elect to proceed against the specific property securing the claim rather than against the entire property of the estate."

In the instant case the probate court's approval of appellee's claim, dated October 5, 1950, was not appealed from. It is, therefore, final and conclusive. Further, appellee has not asserted a claim against the entire assets of the estate. Its claim has been only against those assets specified and enumerated in its chattel mortgage and title certificates, and it is undisputed in the record that all of the assets of the estate which were sold at the auction on February 20, 1950, were subject to the lien to secure the payment of the indebtedness owing to appellee.

Appellant complains of the action of the trial court in rendering summary judgment for appellee, awarding it a lien on the proceeds of a sale of the entire assets of the Anderson estate. She contends that the record shows that only a part of the assets were secured by the chattel mortgage. This contention cannot, we think, be sustained.

The trial court entered an order on appellee's motion for a summary judgment, giving appellee Bank a first and prior lien on the proceeds of the assets of the estate of the deceased. Appellee alleged that it claimed a lien on a part of the assets sold at auction on February 20, 1951, in its motion for summary judgment, and enumerated the various motor vehicles on which it claimed a lien.

While some of the papers and proceedings included in the transcript and supplemental transcript were apparently not stamped with the file mark of the District Court, it is undisputed that they were brought up from the Probate Court for the hearing on the motion for summary judgment and were actually before the Court for his consideration.

We have carefully considered all points of error not herein specifically mentioned and, finding no reversible error therein, the judgment of the trial court must be in all things affirmed.