Kaci HERRING, Administratrix of
the Estate of Denis Scott
Herring, Appellant,

v.

BANK OF AMERICA, N.A., Appellee.

No. 01–04–00276–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 2004.

Michael A. Hirsch, Houston, TX, for Appellant.

Steven A. Leyh, Leyh & Payne, L.L.P., Houston, TX, Michael R. Hooper, Addison, TX, for Appellee.

Panel consists of Justices TAFT, NUCHIA, and JENNINGS.

## OPINION

TERRY JENNINGS, Justice.

In this probate proceeding, appellant, Kaci Herring, as the administratrix of the estate of her husband, Denis Herring, challenges the trial court's order that any proceeds from the sale of real property owned by the estate be paid to appellee, Bank of America, N.A. (the Bank), before being distributed to satisfy any other claims against the estate, including the claims of appellant and of the decedent's minor daughter. In her sole issue, appellant contends that the trial court, in making its ruling, misconstrued the applicable provisions of the Probate Code "so as to prevent the priority of payment upon widow's and family allowance in priority ahead of claim[s] for mortgage indebtedness as a preferred secured debt."[1] We affirm.

### Factual and Procedural Background

In May 2001, the Herrings borrowed $169,000 from the Bank for the purchase of a home—the property at issue—located at 62 McGowan Street, in Houston, Texas.[2] Denis Herring died in March 2003. Appel-

---

1. See TEX. PROB.CODE ANN. §§ 306(a)(2), 320 (Vernon 2003).

2. The mortgage documents were filed with the Harris County Clerk and are part of the record.

lant, as the administratrix of her husband's estate, in October 2003, applied for allowances from the proceeds of the estate for herself and for her husband's minor daughter from a previous marriage. The trial court approved such allowances in the amount of $30,000 each.

In December 2003, the Bank filed a "preferred debt and lien" claim against the property indicating that the outstanding amount of the mortgage totaled $170,115.33. *See* TEX. PROB.CODE ANN. § 306(a)(2) (Vernon 2003). Appellant allowed the Bank's claim as "just and owing." Appellant subsequently filed a report of a pending sale of the property for approximately $217,000. In her report, appellant stated that "payment of mortgage indebtedness is subject to § 320(a)(b) [sic] of the Texas Probate Code, and will be paid only in line of priority thereby provided...." The Bank then filed an objection to the report of the sale of the property and specifically to appellant's statement that she intended to distribute any proceeds from the sale according to the priority of claims established by section 320(a) of the Probate Code. *See id.* § 320(a) (Vernon 2003).

On February 25, 2004, following a hearing,[3] the trial court signed an order in which it made written findings that (1) the Bank was a secured creditor of the property, (2) the Bank elected to file its claim as a "preferred debt and lien" pursuant to section 306(a)(2) of the Probate Code, and (3) appellant acknowledged the Bank's claim as just and owing. In its order, the trial court also ruled that any proceeds from the sale of the property were to be paid to the Bank, to the extent of its claim, prior to any distribution to satisfy any other claims, including those of appellant and of her husband's minor daughter.

## Standard of Review

■ Here, appellant challenges the trial court's interpretation of the applicable provisions of the Probate Code. Statutory construction is a question of law, and we review a trial court's interpretation of statutes under a de novo standard of review. *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). In construing a statute, we must attempt to determine and to give effect to the Legislature's intent. *Id.* In doing so, we look first to the plain and common meaning of the language of the statute. *Id.; see* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). We may not construe a provision of a statute so as to render another provision absurd or meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 860 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

## Priority of Claims

In her sole issue, appellant argues that the trial court erred in ruling that any proceeds from the sale of the property be paid to the Bank, in satisfaction of its preferred debt and lien, before being distributed to satisfy any other claims. As noted above, appellant asserts that the trial court misconstrued the applicable provisions of the Probate Code "so as to prevent the priority of payment upon widow's and family allowance in priority ahead of claim[s] for mortgage indebtedness as a preferred secured debt."

With regard to the order in which claims against an estate are given priority for payment, section 320 of the Probate Code provides, in pertinent part, as follows:

(a) Priority of Payments. Personal representatives, when they have funds

---

**3.** The record on appeal does not contain a reporter's record from this hearing.

in their hands belonging to the estate, shall pay in the following order:

(1) Funeral expenses and expenses of last sickness, in an amount not to exceed [$15,000].

(2) Allowances made to the surviving spouse and children, or to either.

(3) Expenses of administration and the expenses incurred in the preservation, safekeeping, and management of the estate.

(4) Other claims against the estate in order of their classification.

(b) Sale of Mortgaged Property. If a personal representative has the proceeds of a sale that has been made for the satisfaction of a mortgage, lien, or security interest, and proceeds, or any part of the proceeds, are not required for the payment of any debts against the estate that have a preference over the mortgage, lien, or security interest, the personal representative shall pay the proceeds to any holder of a mortgage, lien, or security interest....

TEX. PROB.CODE ANN. § 320(a), (b) (Vernon 2003).

Appellant does not dispute that the Bank was a secured creditor of the specific property used to secure the mortgage or that the Bank's claim as a preferred debt and lien against the property was valid. Rather, appellant argues that, following the statutory priority of claims set out in section 320(a), the trial court's allowances for her and for her husband's daughter take priority over the mortgage indebtedness claim asserted by the Bank and that any proceeds from the sale of the property must be distributed accordingly.

■ However, as the Bank points out, its claim is not a general claim made against the assets of the estate, but is a preferred debt and lien claim asserted solely against a specific piece of property, namely, the property used to secure the mortgage. With regard to such claims, section 306 of the Probate Code provides, in pertinent part, as follows:

(a) Specification of Claim. When a secured claim for money against an estate is presented, the claimant shall specify therein, in addition to all other matters required to be specified in claims:

(1) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved; or

(2) Whether it is desired to have the claim allowed, approved, and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secured the lien, in which event it shall be so allowed and approved if it is a valid lien....

....

(d) Approved Claim as Preferred Lien Against Property. When an indebtedness has been allowed and approved under Paragraph (2) of Subsection (a) hereof, no further claim shall be made against other assets of the estate by reason thereof, but the same thereafter shall remain a preferred lien against the property securing same, and the property shall remain security for the debt in any distribution or sale thereof prior to final maturity and payment of the debt.

TEX. PROB.CODE ANN. § 306(a), (e) (Vernon 2003).

The Bank argues that, pursuant to the provisions of section 306, because it assert-

ed its claim as a preferred debt and lien solely against the property used to secure the mortgage, its claim takes priority over all other claims in the distribution of any proceeds from the sale of the property. In support for its contention, the Bank relies on *Wyatt v. Morse*, 129 Tex. 199, 102 S.W.2d 396, 399 (1937). In that case, the Texas Supreme Court considered the effect of the language of former Article 3515a of the Revised Civil Statutes, whose language was virtually identical to that of section 306 of the current Probate Code. The court held that, under the former statute, a preferred debt and lien claim took priority over all other claims with respect to the disposition of the specific property securing the indebtedness. *See id.* at 398–99. In reaching its holding, the court expressed its reasoning, in part, as follows:

> The preference thus provided is not one which the court is authorized to make by virtue of a legislative pattern for classification of claims theretofore laid down, but is a legislative declaration of preference which is accorded holders of secured claims who elect to proceed against the specific property securing the claim rather than against the entire property of the estate. In return for this preference the claimants so electing are required to forego making further claims against other assets of the estate.

*Id.* at 399.

Here, the Bank elected to assert its claim not against the assets of the estate, but solely against the property used to secure the mortgage, foregoing any claim against any other assets of the estate. Thus, the order of priority of payment of claims against an estate set out in section 320 does not apply to the Bank's claim because it is not a general claim against the assets of the estate. Based on our review of the plain language of the provi-

sions of section 306 of the Probate Code, we hold that the trial court did not err in ruling that the Bank's preferred debt and lien claim must be given priority over all other claims with regard to the distribution of any proceeds from the sale of the property used to secure the mortgage.

We overrule appellant's sole point of error.

### Conclusion

We affirm the order of the trial court.