Opinion issued December 9, 2009






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00276-CV
__________

KACI HERRING, ADMINISTRATRIX OF THE ESTATE OF
DENIS SCOTT HERRING, Appellant

V.

BANK OF AMERICA, N.A., Appellee
 

 
 
On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 338,353
 

 
 
O P I N I O N
          In this probate proceeding, appellant, Kaci Herring, as the administratrix of the
estate of her husband, Denis Herring, challenges the trial court’s order that any
proceeds from the sale of real property owned by the estate be paid to appellee, Bank
of America, N.A. (the Bank), before being distributed to satisfy any other claims
against the estate, including the claims of appellant and of the decedent’s minor
daughter. In her sole issue, appellant contends that the trial court, in making its
ruling, misconstrued the applicable provisions of the Probate Code “so as to prevent
the priority of payment upon widow’s and family allowance in priority ahead of
claim[s] for mortgage indebtedness as a preferred secured debt.”


 We affirm.
Factual and Procedural Background
          In May 2001, the Herrings borrowed $169,000 from the Bank for the purchase
of a home—the property at issue—located at 62 McGowan Street, in Houston,
Texas.


 Denis Herring died in March 2003. Appellant, as the administratrix of her
husband’s estate, in October 2003, applied for allowances from the proceeds of the
estate for herself and for her husband’s minor daughter from a previous marriage. 
The trial court approved such allowances in the amount of $30,000 each.
          In December 2003, the Bank filed a “preferred debt and lien” claim against the
property indicating that the outstanding amount of the mortgage totaled $170,115.33. 
See Tex. Prob. Code Ann. § 306(a)(2) (Vernon 2003). Appellant allowed the
Bank’s claim as “just and owing.” Appellant subsequently filed a report of a pending
sale of the property for approximately $217,000. In her report, appellant stated that
“payment of mortgage indebtedness is subject to § 320(a)(b) [sic] of the Texas
Probate Code, and will be paid only in line of priority thereby provided . . . .” The
Bank then filed an objection to the report of the sale of the property and specifically
to appellant’s statement that she intended to distribute any proceeds from the sale
according to the priority of claims established by section 320(a) of the Probate Code. 
See id. § 320(a) (Vernon 2003).
          On February 25, 2004, following a hearing,


 the trial court signed an order in
which it made written findings that (1) the Bank was a secured creditor of the
property, (2) the Bank elected to file its claim as a “preferred debt and lien” pursuant
to section 306(a)(2) of the Probate Code, and (3) appellant acknowledged the Bank’s
claim as just and owing. In its order, the trial court also ruled that any proceeds from
the sale of the property were to be paid to the Bank, to the extent of its claim, prior
to any distribution to satisfy any other claims, including those of appellant and of her
husband’s minor daughter.
 
Standard of Review
          Here, appellant challenges the trial court’s interpretation of the applicable
provisions of the Probate Code. Statutory construction is a question of law, and we
review a trial court’s interpretation of statutes under a de novo standard of review. 
Tex. Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). In construing
a statute, we must attempt to determine and to give effect to the Legislature’s intent. 
Id. In doing so, we look first to the plain and common meaning of the language of
the statute. Id.; see Tex. Gov’t Code Ann. § 311.011 (Vernon 1998). We may not
construe a provision of a statute so as to render another provision absurd or
meaningless. See Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987);
Mueller v. Beamalloy, Inc., 994 S.W.2d 855, 860 (Tex. App.—Houston [1st Dist.]
1999, no pet.).
Priority of Claims
          In her sole issue, appellant argues that the trial court erred in ruling that any
proceeds from the sale of the property be paid to the Bank, in satisfaction of its
preferred debt and lien, before being distributed to satisfy any other claims. As noted
above, appellant asserts that the trial court misconstrued the applicable provisions of
the Probate Code “so as to prevent the priority of payment upon widow’s and family
allowance in priority ahead of claim[s] for mortgage indebtedness as a preferred
secured debt.”
          With regard to the order in which claims against an estate are given priority for
payment, section 320 of the Probate Code provides, in pertinent part, as follows:
(a)Priority of Payments. Personal representatives, when they have
funds in their hands belonging to the estate, shall pay in the
following order:
 
          (1)Funeral expenses and expenses of last sickness, in an
amount not to exceed [$15,000].
 
          (2)Allowances made to the surviving spouse and children, or
to either.
 
          (3)Expenses of administration and the expenses incurred in
the preservation, safekeeping, and management of the
estate.
 
          (4)Other claims against the estate in order of their
classification.
 
(b)Sale of Mortgaged Property. If a personal representative has the
proceeds of a sale that has been made for the satisfaction of a
mortgage, lien, or security interest, and proceeds, or any part of
the proceeds, are not required for the payment of any debts
against the estate that have a preference over the mortgage, lien,
or security interest, the personal representative shall pay the
proceeds to any holder of a mortgage, lien, or security interest. . . .

Tex. Prob. Code Ann. § 320(a), (b) (Vernon 2003).
          Appellant does not dispute that the Bank was a secured creditor of the specific
property used to secure the mortgage or that the Bank’s claim as a preferred debt and
lien against the property was valid. Rather, appellant argues that, following the
statutory priority of claims set out in section 320(a), the trial court’s allowances for
her and for her husband’s daughter take priority over the mortgage indebtedness
claim asserted by the Bank and that any proceeds from the sale of the property must
be distributed accordingly.
          However, as the Bank points out, its claim is not a general claim made against
the assets of the estate, but is a preferred debt and lien claim asserted solely against
a specific piece of property, namely, the property used to secure the mortgage. With
regard to such claims, section 306 of the Probate Code provides, in pertinent part, as
follows:
(a)Specification of Claim. When a secured claim for money against
an estate is presented, the claimant shall specify therein, in
addition to all other matters required to be specified in claims:
 
(1)Whether it is desired to have the claim allowed and
approved as a matured secured claim to be paid in due
course of administration, in which event it shall be so paid
if allowed and approved; or
 
(2)Whether it is desired to have the claim allowed, approved,
and fixed as a preferred debt and lien against the specific
property securing the indebtedness and paid according to
the terms of the contract which secured the lien, in which
event it shall be so allowed and approved if it is a valid
lien . . . .

          . . . .
 
(e)Approved Claim as Preferred Lien Against Property. When an
indebtedness has been allowed and approved under Paragraph (2)
of Subsection (a) hereof, no further claim shall be made against
other assets of the estate by reason thereof, but the same thereafter
shall remain a preferred lien against the property securing same,
and the property shall remain security for the debt in any
distribution or sale thereof prior to final maturity and payment of
the debt.

Tex. Prob. Code Ann. § 306(a), (e) (Vernon 2003).
          The Bank argues that, pursuant to the provisions of section 306, because it
asserted its claim as a preferred debt and lien solely against the property used to
secure the mortgage, its claim takes priority over all other claims in the distribution
of any proceeds from the sale of the property. In support for its contention, the Bank
relies on Wyatt v. Morse, 102 S.W.2d 396, 399 (Tex. 1937). In that case, the Texas
Supreme Court considered the effect of the language of former Article 3515a of the
Revised Civil Statutes, whose language was virtually identical to that of section 306
of the current Probate Code. The court held that, under the former statute, a preferred
debt and lien claim took priority over all other claims with respect to the disposition
of the specific property securing the indebtedness. See id. at 398-99. In reaching its
holding, the court expressed its reasoning, in part, as follows:
The preference thus provided is not one which the court is authorized to
make by virtue of a legislative pattern for classification of claims
theretofore laid down, but is a legislative declaration of preference
which is accorded holders of secured claims who elect to proceed
against the specific property securing the claim rather than against the
entire property of the estate. In return for this preference the claimants
so electing are required to forego making further claims against other
assets of the estate.

Id. at 399.
          Here, the Bank elected to assert its claim not against the assets of the estate, but
solely against the property used to secure the mortgage, foregoing any claim against
any other assets of the estate. Thus, the order of priority of payment of claims against
an estate set out in section 320 does not apply to the Bank’s claim because it is not
a general claim against the assets of the estate. Based on our review of the plain
language of the provisions of section 306 of the Probate Code, we hold that the trial
court did not err in ruling that the Bank’s preferred debt and lien claim must be given
priority over all other claims with regard to the distribution of any proceeds from the
sale of the property used to secure the mortgage.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the order of the trial court.


                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Nuchia, and Jennings.